**DAVIS et al. v. WEST et al.**

No. 9824.

Court of Civil Appeals of Texas. Austin.

Nov. 16, 1949.

Rehearing Denied Dec. 7, 1949.

Paul Petty, Ballinger, for appellant.

R. W. Haynie, Abilene, Tom McMahon, Abilene, R. W. Haynie, for appellee.

ARCHER, Chief Justice.

This is a suit by Roger H. Davis et al. as plaintiffs, appellants herein, against M. E. West and Mrs. Hetty White Walden, a feme sole, defendants, appellees herein, to recover the title and ownership of an oil and gas lease dated May 26, 1948, on 158.3 acres of land in Runnels County, Texas, out of the John C. McKean Survey No. 534 and the William J. Smith Survey No. 60½, executed by Mrs. Hettie Walden, a feme sole, to M. E. West, recorded in Vol. 219, page 75, of the Deed Records of Runnels County, Texas.

The appellants' theory as pleaded was that M. E. West had been employed by them as their agent to obtain oil leases on certain lands in Runnels County, including the 158.3-acre tract, and agreed to pay him fifty cents per acre for his services. The appellants further say that West secured an oil and gas lease from Mrs. Walden on the tract of land, in his own name, and refused to assign the lease to appellants. The appellee West denied that he was agent for appellants at the time he took the lease; that he paid his own money for

the lease; that he offered to sell the lease to appellants, who declined to buy it.

Trial was had to a jury and on the only issue submitted the jury found that West was not the agent of the plaintiffs.

Motion for judgment non obstante veredicto, filed by plaintiffs, was overruled, and judgment rendered for defendants.

The cause is before us on three points:

The first was the error of the court in overruling plaintiffs' motion for judgment non obstante veredicto; the second was the error of the court in failing to grant a new trial; and third the error of the court in excluding evidence of the plan and purpose of plaintiffs to drill other wells in a direction toward the Walden land, if the other wells turned out to be producers.

Appellants contend that West was the agent of the plaintiffs as a matter of law in the light of the record as a whole.

We are unable to sustain this position. The rule as stated in Vol. 3, Corpus Juris Secundum, Agency, § 144, page 24, is: " * * * The rule has no application where the purchase is made in good faith after the agency has been terminated, * * *." (Cases cited.)

If West was an agent of the plaintiffs, it is because of an employment made in 1945 or 1946, when Davis and West went to see Mrs. Walden, but were unable to do so, and solicited the aid of Mr. Duncan, a banker, who wrote Mrs. Walden, and she declined to execute a lease; or because of a telephone conversation had by Davis with West in August 1947, at which time Davis requested West to try to get the Walden lease, which was the last conversation Davis had with West.

We overrule appellants' assignments of error. The jury having found from the evidence that West was not the agent of the plaintiffs, we believe that the jury was justified in rendering its verdict as it did, and that its action finds support in the record.

Witness Davis, one of the plaintiffs, and the only one to testify, detailed the facts and circumstances in connection with employment of West to obtain leases, and offered to pay West the amount of the lease and a commission. West declined to sell on these terms. Defendant West, having detailed his activities and relationship with the plaintiffs, offered to sell the lease, but the parties could not reach an agreement; and Mrs. Walden, one of the defendants, also having testified as to her association with plaintiff Davis, who said he would like to lease the land, and by letter from the banker on May 27, 1947; and as to a subsequent leasing of the land to West for $5 per acre, on May 26, 1948.

From a consideration of all of the testimony, which, aside from the exhibits, is not long but fully developing the cause of the parties, as above stated the jury was authorized to return the verdict as it did, and having done so the trial court was justified in overruling the motion and in rendering judgment for defendants.

The judgment of the trial court is affirmed.

Affirmed.